Tyler J. Anderson, ISB No. 6632
Austin Strobel, ISB No. 9803
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5275
Email: tanderson@hawleytroxell.com
       astrobel@hawleytroxell.com

Attorneys for Quemetco Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| P&S ENTERPRISES, LLC dba COYOTE TRANSPORT,<br><br>              Plaintiffs,<br><br>vs.<br><br>ISRAEL RODRIGUEZ, an individual; SWIFT TRANSPORTATION COMPANY; SWIFT TRANSPORTATION CO., LLC; INTERSTATE EQUIPMENT LEASING, LLC; QUEMETCO, INC., and QUEMETCO WEST, LLC,<br><br>              Defendants. | Case No. 1:18-cv-00416-DCN<br>Consolidated with 3:18-cv-00514-DCN<br><br>REPLY MEMORANDUM IN SUPPORT OF QUEMETCO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |
| SWIFT TRANSPORTATION COMPANY, INC., SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, and INTERSTATE EQUIPMENT LEASING, LLC,<br><br>              Cross-Claimants,<br><br>vs.<br><br>QUEMETCO, INC., a Delaware corporation and QUEMETCO WEST, LLC, a Delaware limited liability company,<br><br>              Cross-Defendants. | |

REPLY MEMORANDUM IN SUPPORT OF QUEMETCO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS - 1

49522.0004.12431891.2

| | |
|---|---|
| SAMUEL TOBIAS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, a Delaware corporation; SWIFT TRANSPORTATION SERVICES, LLC, a Delaware limited liability company; SWIFT LEASING CO., LLC, a Delaware limited liability company; QUEMETCO, INC., a Delaware corporation; QUEMETCO WEST, LLC, a Delaware limited liability company; ISRAEL Z. RODRIGUEZ, individually,<br><br>    Defendants. | |
| SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, a Delaware corporation,<br><br>    Cross-Claimant,<br><br>vs.<br><br>QUEMETCO WEST, LLC, a Delaware limited liability company and QUEMETCO, INC., a Delaware corporation,<br><br>    Cross-Defendants. | |

Defendants/Cross-Defendants Quemetco, Inc. and Quemetco West, LLC ("Quemetco Defendants") hereby submit their Reply Memorandum in Support of Quemetco Defendants' Motion for Judgment on the Pleadings.

# I.
# INTRODUCTION

On November 27, 2019, Plaintiff Samuel Tobias ("Tobias") filed his Opposition to Defendant Quemetco's Motion for Judgment on the Pleadings. Tobias argues that dismissal of Count Two is inappropriate, because Quemetco "affirmatively" assumed and breached duties

REPLY MEMORANDUM IN SUPPORT OF QUEMETCO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS - 2

defined by Idaho Code §§ 49-613(4) and (5). Tobias argues that dismissal of Count Four is inappropriate, because: (1) agents of Quemetco Defendants testified regarding Quemetco Defendants' efforts to create policies that met federal standards; and (2) Quemetco's non-delegable duty argument "ignores" statutory exceptions found in 49 C.F.R. § 392.9(b)(4) and 49 C.F.R. § 390.13.

Each of these arguments fail and the Motion should be granted.

## II.
## ARGUMENT

**A.   Count Two Should Be Dismissed Because Quemetco Defendants Did Not Operate (And Are Not Alleged to Have Operated) A Vehicle on Idaho Highways and, Therefore, Factually Could Not Have Breached Any Duty Defined By Idaho Code §§ 49-613(4) and/or (5).**

Tobias argues in his Opposition that Quemetco Defendants assumed and breached duties established by Idaho Code §§ 49-613(4) and (5).  Those Sections state:

> (4) *No vehicle shall be operated on any public highway* unless such vehicle's load is secured to prevent the load from becoming loose, detached or a hazard to other users of the highway.
>
> (5) *No person may operate on any public highway any vehicle* with any load unless the load is secured and such covering as required thereon by subsection (6) of this section is securely fastened to prevent the covering or load from becoming loose, detached or a hazard to other users of the highway.

Idaho Code §§ 49-613(4)-(5) (emphasis added).  As set forth in the Memorandum in Support of Quemetco Defendants' Motion for Judgment on the Pleadings [Dkt. 44-1], Idaho Code § 49-601 provides in pertinent part that "[t]he provisions of this chapter *relate **exclusively** to the operation of vehicles upon highways*, except where a different place is specifically referred to in a given section."  Idaho Code § 49-601 (emphasis added).

In other words, both the two specific sections now cited by Tobias and the introductory section of the applicable statute are *expressly* limited in scope to the actual operation of vehicles upon Idaho highways.  Quemetco (a shipper based in California) did not enter Idaho and was not operating (and is not alleged in the Complaint to have been operating) a vehicle on Idaho's public highways.  Contrary to Tobias' argument, the mere fact that a party was aware that a vehicle would be operated on Idaho's public highways is not sufficient to bring that party within the scope of the Act – for that to occur, as is clear in the text of the statute the party must actually be operating a vehicle on Idaho's highways.  Count Two should be dismissed with prejudice.

**B.     Count Four Should Be Dismissed Because No Private Cause of Action Exists Under the Federal Motor Carrier Safety Act or Its Regulations.**

In Count Four, Tobias seeks to impose liability on Quemetco Defendants for various alleged breaches of statutory duties under the Federal Motor Carrier Safety Regulations ("FMCSR").  *See* Complaint (Dkt. 1) ¶¶ 70-82.  In that effort, Tobias cites at length to several provisions of the FMCSR.  *Id.* ¶¶ 71-73 (citing 49 C.F.R. § 393.100, 393.102 and 393.106).  In his Opposition, Tobias cites for the first time 49 C.F.R. § 390.13 for "aiding and abetting" an alleged violation.  No matter what provision of the FMCSR that Tobias cites, Count Four fails because the FMCSR does not create a private right of action.

Many courts have been called upon to determine whether a private cause of action exists under the FMCSR and those courts have concluded in the negative. *Steinberg v. Luedtke Trucking, Inc.*, No. 4:17-CV-9, 2018 WL 3233341, at *4 (E.D. Tenn. July 2, 2018) (granting summary judgment against injured party's state law negligence per se after finding the FMCSR does not create a private right of action); *Drake v. Old Dominion Fright Line, Inc.*, 2016 WL 1328941 *4 (D. Kan. April 5, 2016) ("Plaintiff cannot bring a private cause of action under the

MCA or FMCSR."); *Leon v. FedEx Ground Package Sys. Inc.*, No. CIV 13-1005 JB/SCY, 2016 WL 836980, at *11 (D.N.M. Feb. 16, 2016) (finding no right of action under state or federal law allowing personal injury or wrongful death plaintiffs to hold parties liable for violations of the FMCSR); *Slagowski v. Cent. Washington Asphalt, Inc.*, No. 2:11–CV–00142–APG, 2014 WL 4887807, at *7 (D. Nev. Sept. 30, 2014) ("Virtually all courts that have examined this issue have concluded there is no private right of action for personal injuries arising from a violation of the MCA or its safety regulations."); *Lear v. McLane Co.*, No. 2:17-CV-1062 BCW, 2018 WL 1027408, at *1 (D. Utah Feb. 21, 2018) (finding leave to amend futile because a plaintiff does not have a private right of action under the FMCSR); *Stewart v. Mitchell Transp.*, 241 F. Supp. 2d 1216, 1219 (D. Kan. 2002) (rejecting "Plaintiffs claim that they have a private right of action under 49 U.S.C. § 14704(a)(2), which is part of the Motor Carrier Act."); *Schramm v. Foster*, 341 F. Supp. 2d 536, 540 (D. Md. 2004) (listing cases that found no private right of action in the FMCSR); *Smith v. Dearborn Fin. Servs., Inc.*, 982 F.2d 976, 979 (6th Cir. 1993) ("[F]ederal regulations cannot themselves create a cause of action; that is a function of the legislature.") (citation omitted); *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 784 n.2 (8th Cir. 2014) ("We doubt there is a federal private right of action for a violation of the FMCSR."); *Ware v. Transp. Drivers*, 30 F. Supp. 3d 273, 276 (D. Del. 2014) ("To the extent that plaintiff asserts a private cause of action under [the FMCSR] ... the claim[ ] fail[s]."); *Matthews v. Transp. Div., Inc.*, No. 3:16-CV-00340-GNS, 2017 WL 7000278, at *4 (W.D. Ky. Mar. 10, 2017) (collecting cases, reviewing legislative history, and concluding no private cause of action exists under the FMCSR); *C&H Trucking v. New Orleans Trucking & Rental Depot, Inc.*, Nos. 15-5678 & 16-0511, 2016 WL 3854438, at *5 (E.D. La. July 15, 2016) (acknowledging no private cause of

action exists); *Oliver v. Soto*, No. CIV-15-1106-R, 2016 WL 815343, at *2 (W.D. Oka. Feb. 29, 2016) (stating FMCSR "regulations do not provide a private cause of action."); *see also Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("[I]t is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress. Agencies may play the sorcerer's apprentice but not the sorcerer himself.").

The overwhelming weight of authority holds that Tobias cannot bring a private cause of action for personal injuries under the FMCSR. Tobias has not identified any Idaho statute that creates a cause of action under state law for a violation of the FMCSR. Moreover, Tobias has not cited any state law incorporating the relevant provisions of the FMCSR into Idaho law. Tobias cannot casually engraft private rights of enforcement onto government regulations without some clear indication that Congress or the Idaho legislature intended the FMCSR to serve as basis for liability. Accordingly, there is no basis under Idaho law to permit Tobias to recover for personal injuries on a state law cause that seeks to redress FMCSR violations.

C. **Quemetco Defendants Cannot Assume A Non-Delegable Regulatory Duty, and the Existence of Any "Exception" Set Forth In 49 C.F.R. § 392.9(b)(4) and 49 C.F.R. § 390.13 Does Not Create A Regulatory-Based Duty on the Part of Quemetco Defendants.**

Even if a private right of action is available under the FMCSR, Tobias does not even so much as attempt to refute the substance of the overwhelming regulatory language, regulatory guidance, and case law cited by Quemetco Defendants indicating that Quemetco Defendants did not owe Tobias any duty *arising under the FMCSR*. Instead, Tobias argues that dismissal of Count Four is inappropriate, because: (1) agents of Quemetco Defendants testified regarding Quemetco Defendants' efforts to create policies that met federal standards; and (2) Quemetco

Defendants non-delegable duty argument "ignores" statutory exceptions found in 49 C.F.R. § 392.9(b)(4) and 49 C.F.R. § 390.13.

In any event, the law is clear that Quemetco Defendants cannot assume *non-delegable* regulatory duties owed by another party (here, Swift and Rodriguez), whether by testimony of its agents, or by application of one of the exceptions cited by Tobias in his briefing. First, to the extent Gerard Manley's testimony is relevant to the assumption of any duty, and to the extent any statutory exception cited by Tobias is relevant to the assumption of any duty, it would be to the concurrent common law duty set forth in the case law previously-cited by Quemetco Defendants. In other words, the testimony relied upon is not relevant to the question presented by this Motion, that is, whether the duty framed by the pleadings in Count Four – an alleged regulatory duty based on the FMCSR – states a valid claim against Quemetco Defendants.

Second, assuming for the sake of argument that one of the exceptions asserted by Tobias did apply to the facts of this case (which Quemetco disputes), the exceptions cited by Tobias <u>do not</u> indicate that a shipper somehow assumes non-delegable FMCSR-based duties if an exception applies. In the absence of such "duty-shifting" language in the regulations, the application of such exceptions, at best, serves only to *relieve* the regulatory obligations of the carrier and driver, not shift those non-delegable duties to a third-party shipper. This is not to say that a shipper can never be liable when a load shifts and causes injury, but instead, that any liability of a shipper must be based on *common law duties*, not regulatory duties or standards to which it is not held. *See e.g.*, *Fielder v. R.V. Coleman Trucking, Inc.,* 285 F. Supp. 3d 956, 965 (N.D. W. Va. 2018) (noting that "the Federal Motor Carrier Safety Regulations ("FMCSRs") impose a clear duty on the carrier to secure the load safely they do not relieve others, such as a shipper who breaches a

*common law* duty of care, from liability for their negligence and their comparative share of the resulting damages.").[1]

The unrebutted regulatory language, regulatory guidance, and case law cited by Quemetco Defendants clearly demonstrates that no such duty is cognizable against a shipper like Quemetco. Count Four should be dismissed with prejudice.

### III.
### CONCLUSION

Based on the foregoing and Dkt. 44-1, the Quemetco Defendants respectfully request that the Court dismiss Counts Two and Four of the Tobias Complaint with prejudice.

DATED THIS 11th day of December, 2019.

HAWLEY TROXELL ENNIS & HAWLEY LLP


By: */s/ Tyler J. Anderson*
    Tyler J. Anderson, ISB No. 6632
    Attorneys for Quemetco Defendants

---

[1] Tobias also argues that 49 CFR § 390.13, which deals with abetting, encouraging, or requiring a motor carrier or its employees to violate the FMCSR, precludes the granting of the Motion. Notably, 49 CFR § 390.13 is not cited in Count Four, nor does Tobias indicate which facts asserted in the Complaint support an allegation that Quemetco Defendants somehow "abetted, encouraged, or required" Swift to violate the FMCSR. These "facts" do not exist, and even if they did, are not framed in the Complaint.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 11th day of December, 2019, I electronically filed the foregoing REPLY MEMORANDUM IN SUPPORT OF QUEMETCO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Kevin E. Dinius | kdinius@diniuslaw.com |
| Sarah Hallock-Jayne | shallockjayne@diniuslaw.com |
| Donald J. Farley | djf@powersfarley.com |
| Mark J. Orler | mjo@powersfarley.com |
| Maren Ericson | mericson@nampalaw.com |

                                          */s/ Tyler J. Anderson*
                                          Tyler J. Anderson